IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02715-BNB

ENCARNACION T. RIVERA,

    Plaintiff,

v.

BEVERLY DOWIS, HSA, Physician Health Partners,
WARDEN KEVIN MILYARD, Sterling Correctional Facility,
ARISTEDES ZAVARAS, Executive Director CDOC,
P.A. JOANN STOCK, Sterling Correctional Facility,
N.P. KATHRY RITTENHOUSE, SCF, PHP,
DR. JOSEPH FORTUNADO, SCF, PHP,
DR. PAULA FRANTZ, Chief Medical Officer, Physician Health Partners,
DR. STEPHEN KREBS, Physician Health Partners,
CAPTAIN RICHIE MISHIARA, Sterling Correctional Facility,
CAPTAIN WEINGARDT, Sterling Correctional Facility,
CATHIE HOLST, ADA Coordinator, Colorado Department of Corrections, and
JOHN DOE AND JANE DOE 1-10,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 13 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Encarnacion T. Rivera, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Rivera initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On January 27, 2009, the court ordered Mr. Rivera to file an amended complaint that clarifies which claims are being asserted against which Defendants and how each named Defendant personally participated in the asserted constitutional violations. On March 11, 2009, Mr. Rivera filed an amended Prisoner Complaint.

The court must construe the amended complaint liberally because Mr. Rivera is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rivera will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and has determined that the amended complaint is deficient. First, although Mr. Rivera lists eleven named Defendants in the caption of the amended complaint, he lists only three Defendants in Section A of the amended complaint, the section that describes the parties to the action and lists each Defendant's address. Each Defendant listed in the caption of the second amended complaint Mr. Rivera will be ordered to file also must be listed in Section A of the second amended complaint.

The court also finds that the amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Rivera's amended complaint does not provide a short and plain statement of each claim showing that he is entitled to relief in this action. Instead, whatever claims Mr. Rivera is asserting in the amended complaint are set forth in a single narrative that consists of thirty-five numbered paragraphs. As a result, it is not clear to the court how many claims are being asserted or where in the narrative any particular claim ends and another begins. What is clear to the court is that Mr. Rivera is capable of presenting a clear statement of each individual claim because he asserted four separate and distinct claims for relief in his original complaint in this action filed on January 22, 2009.

It is not the court's responsibility to sift through a pleading to determine what claims may be asserted and which allegations may be asserted in support of any particular claim. The general rule that *pro se* pleadings must be construed liberally has limits and the court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, Mr. Rivera will be ordered to file a second amended complaint if he wishes to pursue his claims in this action. Mr. Rivera is reminded that, in order to state

3

a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Rivera must present his claims clearly and concisely in a manageable format that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Rivera also is reminded that he must allege clearly how each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Rivera file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Rivera, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Rivera fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED March 13, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02715-BNB

Encarnacion T. Rivera
Reg No. 111364
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 3/13/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk